(April 14, 1923.)

MARTIN SILK, Appellant, v. M. J. KELLY, Respondent.

[214 Pac. 524.]

CROSS-COMPLAINT — DEFAULT — EVIDENCE—REBUTTAL—VERIFICATION OF PLEADINGS—RES ADJUDICATA.

1. Where default is taken upon plaintiff's failure to answer or otherwise plead to a cross-complaint he will not be permitted to introduce evidence to rebut proof offered in support of the cross-complaint.

2. *Held,* that a verification to an answer and cross-complaint made, in the absence of the defendant from the county, by one of his attorneys, is a sufficient verification.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. H. F. Ensign, Judge.

Action on account. Judgment for cross-complainant. *Affirmed.*

Martin Silk, *pro se.*

Bissell & Bird, for Respondent.

Counsel cite no authorities on points decided.

BUDGE, C. J.—This is an action brought by appellant to recover from respondent $660.55 for money advanced, house rent and goods, wares and merchandise sold and delivered. To the complaint respondent filed his answer in which he sets up *res adjudicata* as to the money sought to be recovered by appellant and denies specifically each and every of the other material allegations contained in the complaint. By way of cross-complaint respondent alleges that appellant is indebted to him in the sum of $2,212, the value of an interest in certain crops grown on appellant's land, alleged to have been appropriated by appellant, together with interest thereon at the rate of seven per cent per annum from and after the first day of March, 1917. Upon appellant's failure to answer the cross-complaint, default was entered against him. The cause was tried to a jury and judgment was had in favor of respondent in the sum of $1,413.41, from which judgment this appeal is taken.

Appellant did not move to set aside the default. Upon the trial appellant offered evidence in support of his complaint. Evidence was also offered by respondent in rebuttal and also in support of his cross-complaint. Appellant sought to introduce evidence in rebuttal to respondent's cross-complaint, to which objection was made by respondent and by the court sustained.

Appellant seeks to assign error based upon the ruling of the court in refusing to permit him to introduce evidence

to rebut the cross-complaint. The trial court was correct in its holding that, since appellant had defaulted in failing to answer the cross-complaint and the default had not been set aside, he could offer no evidence in rebuttal to the cross-complaint.

Appellant also attacks the cross-complaint upon the ground that it was not properly verified. An examination of the same discloses the fact that it was properly verified by one of the attorneys for respondent, during the latter's absence from the county. There is no merit in this contention.

The court found, and from an examination of the record we think correctly, that appellant was not entitled to a judgment for the money sought to be recovered in this action, for the reason that in a prior action between the same parties this matter had been fully adjudicated.

We have examined the entire record in this case and find no reversible error. The judgment must be affirmed and it is so ordered. Costs are awarded to respondent.

William A. Lee and Dunn, JJ., concur.